# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:03-cr-00356-2 (RJL) |
| : | |
| AARON WILLIAMS, : | |
| : | |
| Defendant. : | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S PRO SE MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i) TO MODIFY HIS SENTENCE

*Pro se* defendant Aaron Williams has filed a Compassionate Release motion, asking the Court to modify his sentence and immediately release him to home confinement, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). His argument, in part, relies on the threat posed by the COVID-19 pandemic. The United States respectfully opposes the defendant's motion because § 3582(c)(1)(A)(i) allows eligible defendants convicted of federal crimes to seek modification of their federal prison sentences for extraordinary and compelling reasons. However, the defendant has already served his sentence in this federal case; he is currently incarcerated for D.C. Code violations in his D.C. Superior Court case. Therefore, the Court is unable to grant the defendant the relief he seeks in this case and it should summarily deny his motion.

## FACTUAL BACKGROUND

On August 14, 2003, the defendant was indicted for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Misdemeanor Crime of Domestic Violence, in violation of 18 U.S.C. § 922(g)(9) (ECF No. 12). The defendant was also arrested for D.C. Code violations in D.C. Superior Court Case 2006 CF1 015215 for actions arising out of the same set of facts in the instant case. According to the Factual Proffer filed in that case:

On or about June 19, 2003, Ali Pleasant-Bey and [the defendant] discussed and agreed to commit an armed robbery of Frank Sinclair, who was an associate of Pleasant-Bey. [The defendant's] nickname is "Chubs" and [he] lived at […], Northwest in the District of Columbia at that time. [The defendant] knew Ali Pleasant-Bey by the nickname of "Happy" and first met him when he had started dating [the defendant's] cousin, Unique Buffalo. [The defendant] also was aware that Pleasant-Bey acted as a pimp for Unique Buffalo. [The defendant] saw Pleasant-Bey every day during the month of June 2003.

Ali Pleasant-Bey came up with the idea of robbing Frank Sinclair, who was also a pimp and drove to Washington, D.C. from New York City in a black 1999 Cadillac DeVille. At the time, Pleasant-Bey was driving a white car that kept breaking down and was a "bucket." Pleasant-Bey wanted to rob Sinclair and take his car. The original plan was for Pleasant-Bey to shoot and kill Sinclair during the robbery.

On June 19, 2003, Pleasant-Bey and Frank Sinclair drove to [the defendant's] house and [he] got into the Cadillac with them. Pleasant-Bey brought his .9 mm handgun. [The defendant] had a .40 caliber handgun, but did not bring it with [him] because Pleasant-Bey was supposed to shoot Sinclair. Sinclair let Pleasant-Bey drive the car and sat in the front passenger seat. [The defendant] sat in the rear compartment behind Sinclair. Pleasant-Bey drove [the two] to the 2800 block of Gainesville Street, Southeast in the District of Columbia. Pleasant-Bey stopped the car and got out and went to the apartment building where China lived. China was one of Pleasant-Bey's prostitutes. Pleasant-Bey then got back into the car. Sinclair commented about [the defendant] sitting behind him and Pleasant-Bey said [the defendant] was alright. [The defendant] moved to the middle of the seat as Pleasant-Bey drove up the street and made a right turn onto 28th Street, Southeast.

Pleasant-Bey stopped the car along the right side of the street and pulled out his .9 mm handgun and passed it along the driver's side door. [The defendant] took the gun in [his] left hand. [The defendant] put the gun directly to the left side of Sinclair's neck and shot him. [The defendant] dropped the gun and it fell on the seat. The gun discharged and fired a bullet toward the rear passenger side door. Pleasant-Bey reached across Sinclair's body and opened the front passenger door. Pleasant-Bey then started pushing and kicking Sinclair until his body fell out of the car onto the street. Pleasant-Bey then shut the door and [they both] drove away.

>Pleasant-Bey called Michael Square, his play uncle, on a cell phone and asked him to bring some soap and water, bleach or peroxide and a flashlight. [They] drove to Squares house at […], Northeast in the District of Columbia. Square came out of the house with a bucket of soap and water, bleach or peroxide and a flashlight. Square said I see [Pleasant-Bey] finally got [the car]. Pleasant-Bey cleaned out the front of the car while Square stood next to him. Pleasant-Bey told Square that [they both] killed Sinclair to get the car.
>
>On June 20, 2003, the next day, Pleasant-Bey drove to [the defendant's] house in Sinclair's car with a girl named Country, who was one of Sinclair's prostitutes. The next day, Pleasant-Bey picked up Sinclair's other prostitute, named Candy, and brought her to [the defendant's] house. Pleasant-Bey asked [the defendant] if [he] wanted to drive to Florida in the black Cadillac with the two prostitutes and [the defendant] agreed. [The group] drove to Orlando, Florida and Pleasant-Bey pimped the women at truck stops. Pleasant-Bey brought the .9 mm handgun used to kill Sinclair with him to Florida.
>
>[The group] returned to Washington, D.C. after a couple of days. Pleasant-Bey stayed at [the defendant's] house and parked the Cadillac nearby. On the morning of June 30, 2003, Pleasant-Bey asked [the defendant] to drive to the grocery store with him. Pleasant-Bey drove the Cadillac and brought the same .9 mm handgun with him. [They both] pulled into a gas station and saw the police around the area. Pleasant-Bey handed the gun to [the defendant] and told [him] to put it under the seat. [They both] drove to the Giant grocery store at 8th and O Streets, N.W. The police stopped [them] and found the .9 mm under the front passenger seat where [the defendant] placed it.

Factual Proffer 07/25/2006.

On November 29, 2004, the defendant was found guilty in the instant case of Unlawful Possession of a Firearm and was sentenced to 33 months' incarceration, followed by 36 months of supervised release (ECF No. 23). On January 4, 2007, the defendant finished serving his federal sentence for violating § 922(g)(9) (Attachment A: BOP Sentence Computation Data at 4).

In the D.C. Superior Court parallel proceeding, on July 24, 2006, the defendant was charged with: (1) one count of Conspiracy, in violation of D.C. Code §§ 22-1805(a), -105(a); and (2) one count of Second-Degree Murder While Armed, in violation of D.C. Code §§ 22-2103, -

3

4502, in case number 2006 CF1 015215. On July 25, 2006, the defendant pled guilty to both counts and on January 9, 2009, the defendant was sentenced to 6 months' incarceration on the Conspiracy count and 219 months' incarceration on the Second-Degree Murder count.

On June 1, 2020, the defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in Superior Court in case number 2006 CF1 015215, which the government opposed because the defendant was serving his sentence for D.C. Code violations, not for federal code violations. On June 12, 2020, the Superior Court agreed with the government's position, and denied the defendant's motion (*see* Attachment B: Superior Court Order).[1]

On June 15, 2020, the defendant filed the instant Motion for Compassionate Release (ECF No. 29). The defendant alleges that he suffers from health conditions that put him at risk of a severe negative outcome if he contracts COVID-19. On June 17, 2020, the Court ordered the government to respond to the defendant's motion.

The defendant is currently incarcerated at Fort Dix FCI. At the date of this filing, there are currently 14 reported cases of COVID-19 amongst inmates and none amongst the staff. According to BOP records, the defendant began serving his sentence in case number 2006 CF1 015215 on January 9, 2007 and is projected for release on March 8, 2023 (Attachment A: BOP Sentence Computation Data at 2). As of June 22, 2020, the defendant had served 13 years, 5 months and 15 days of his sentence in case number 2006 CF1 015215 (*id.* at 2).

---

[1] In April 2020, the District of Columbia enacted a compassionate release provision, now codified at D.C. Code § 24-403.04, which permits defendants convicted in D.C. Superior Court to seek a sentence reduction based on compassionate release grounds. In denying defendant's *pro se* compassionate release and supplement (filed by counsel), the Superior Court concluded that defendant's *pro se* filing had not established a valid claim for release under the local compassionate release. The Court also noted that defense counsel's supplement noted that counsel needed to obtain additional materials to raise a claim under the local statute. The Court's denial of defendant's claim under the local statute was without prejudice.

## ARGUMENT

The defendant seeks relief pursuant to § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act of 2018 ("the Act") (Def. Mot. at 1). The government opposes the defendant's motion because, having served the imprisonment portion of his sentence in this federal case, the defendant essentially asks this Court to grant him compassionate release in his D.C. Superior Court case sentence. The First Step Act does not provide the Court with this authority. Therefore, the Court must deny the defendant's request.

The First Step Act allows eligible defendants convicted of federal crimes to seek modification of federal prison sentences for extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A)(i). The Act also permits courts to modify the sentence of a defendant over the age of 70, who has already served at least 30 years of his or her sentence, where the Director of the BOP has determined that the defendant is no longer a danger to the community. Any such reduction must be consistent with "any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2)." § 3582(c)(1)(A).

First, the Court cannot order the defendant released under this provision because the defendant has already served the imprisonment portion of his federal sentence; he is now serving a sentence for his D.C. Code violations. As noted *supra*, the defendant finished serving his federal sentence on January 4, 2007.

Second, the Court cannot order the defendant released under this provision because § 3582(c)(1)(A) does not apply to prisoners, such as the defendant, who are serving sentences for D.C. Code offenses. *See* BOP Program Statement 5050.50 Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), Section 571.64 (The Bureau of Prisons has no authority to initiate a request under § 3582(c)(1)(A) on behalf of D.C.

Code offenders confined in federal institutions).

Because § 3582(c) grants relief to those that are serving a sentence for federal offenses and the defendant is currently serving a sentence for D.C. Code offenses, the Court should summarily deny his motion.[2]

**CONCLUSION**

For these reasons, this Court should deny defendant's motion on the merits.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444-188

MARGARET J. CHRISS
Chief, Special Proceedings Division
D.C. Bar No. 452-403

____/s/ Jared English_____
JARED ENGLISH
Assistant United States Attorney
D.C. Bar No. 1023926
Special Proceedings Division
555 4th St., N.W.
Washington, D.C. 20530
Jared.English@usdoj.gov

---

[2] If the Court concludes that summary denial is not appropriate, the government would respectfully request the opportunity to address the merits of defendant's claims and to assert other defenses as applicable.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on June 24, 2020, I caused a copy of the foregoing notice to be served via ECF on counsel of record and via first class mail, postage prepaid, on:

Aaron Williams
Fed. Reg. # 26882-016
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 2000
Joint Base MDL, NJ 08640-0902

    /s/ Jared English
JARED ENGLISH
Assistant United States Attorney